Jennie **NIEVES**, Plaintiff–Appellant,

v.

**CITY OF CLEVELAND,**
**et al., Defendants,**

Martin **Fano**, Defendant–Appellee.

No. 01–4280.

United States Court of Appeals,
Sixth Circuit.

Nov. 12, 2002.

Before BATCHELDER and MOORE, Circuit Judges; and COLLIER, District Judge.*

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

## ORDER

Jennie Nieves appeals a district court judgment imposing sanctions against her pursuant to Fed.R.Civ.P. 11. The parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Nieves is a former occupant and tenant of a property owned by Martin Fano. Nieves violated the terms of her lease, and Fano successfully filed an eviction action against her. Despite the eviction order, Nieves sought to reenter Fano's property. In so doing, Nieves harassed tenants by making racial slurs against them, broke a door, and threw a brick through a window. The police department investigated, and the Cuyahoga County Grand Jury returned a criminal indictment against Nieves on charges of burglary, vandalism, and ethnic intimidation. According to Nieves, the criminal charges were ultimately dismissed.

Thereafter, Nieves brought a 42 U.S.C. § 1983 suit against the City of Cleveland, Ohio (City), the City's police department, William P. Mason, Martin Fano, and two John Doe police officers. Nieves alleged that the indictment was the result of a conspiracy between the City, its police department, the John Doe officers, and Martin Fano to harass her in retaliation for her refusal to accept Fano's sexual advances. Fano gave Nieves "safe harbor" notice and moved the district court for sanctions against Nieves in the amount of $5,000. The district court granted the motions of all defendants, including Martin Fano, for summary judgment and entered judgment in favor of defendants on Nieves's complaint. The court also ordered Nieves to show cause why Fano's motion for sanctions should not be granted. Subsequently, the district court granted Fano's motion for sanctions finding that "as neither plaintiff nor Mr. Watson [coun-

sel for Nieves] has produced any relevant argument, law or evidence to oppose Mr. Fano's Motion for Sanctions, that motion is hereby granted."

On appeal, Nieves contends that the district court erred by departing from the prescribed procedure in granting Fano's motion for sanctions.

All aspects of the district court's imposition of Rule 11 sanctions are subject to review under an abuse of discretion standard. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Ridder v. City of Springfield,* 109 F.3d 288, 293 (6th Cir. 1997).

The Rules allow for the award of "all of the reasonable attorneys' fees and other expenses incurred as a direct result of the [Rule 11] violation." Fed.R.Civ.P. 11(c)(2). The test for the imposition of Rule 11 sanctions remains whether the individual's conduct was reasonable under the circumstances. *United States v. $515,060.42 in U.S. Currency,* 152 F.3d 491, 507 (6th Cir. 1998); *Union Planters Bank v. L & J Dev. Co.,* 115 F.3d 378, 384 (6th Cir.1997).

Upon review, we conclude that the district court failed to comply with the requirements of Rule 11(c)(3) when it imposed Rule 11 sanctions against Nieves. A district court is required to make specific inquiries when imposing Rule 11 sanctions. First, before an award of attorneys' fees may be made under the rule, it must be shown that the fees were incurred because of the filing of an improper pleading, written motion, or other paper. *Bodenhamer Bldg. Corp. v. Architectural Research Corp.,* 989 F.2d 213, 218 (6th Cir.1993) [*Bodenhamer II*]. Second, when a party moves for reimbursement of costs and legal fees, the district court should investigate the reasonableness of such costs and fees. *Orlett v. Cincinnati Microwave, Inc.,* 954 F.2d 414, 419 (6th Cir.1992).

After completing the foregoing inquiries, the court must announce its findings. "When imposing sanctions, the court shall *describe* the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." Fed. R.Civ.P. 11(c)(3) (emphasis added). The district court's failure to "indicate how any particular pleading, motion, or paper relates to any particular expense or attorney fee" merits remand. *Bodenhamer Bldg. Corp. v. Architectural Research Corp.*, 873 F.2d 109, 114 (6th Cir.1989) [*Bodenhamer I*]; *see Vild v. Visconsi*, 956 F.2d 560, 571 (6th Cir.1992). When the district court fails "to make the findings necessary to support a blanket award of attorneys' fees[,]" the sanction award must be overturned. *Bodenhamer II*, 989 F.2d at 217.

Merely noting, as this district court did, that neither plaintiff nor Mr. Watson had produced any relevant argument, law or evidence to oppose Mr. Fano's Motion for Sanctions, does not satisfy Rule 11(c)(3)'s directive. The district court did not describe the conduct determined to constitute a violation of this rule and did not explain the basis for the sanction imposed. Fed.R.Civ.P. 11(c)(3). In effect, the district court merely announced its agreement with the reasons briefed and argued by the party seeking sanctions. *See, e.g., Elsman v. Standard Federal Bank*, Nos. 00–2293, 01–1544, 2002 WL 31007987, at *8, 46 Fed.Appx. 792 (6th Cir. Sept. 5, 2002).

Accordingly, the district court's judgment granting Rule 11 sanctions against Nieves is hereby vacated and the case remanded for further proceedings consistent with the requirements of Rule 11.